IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

AUGUSTINE GRANADO,

    Plaintiff,

v.

    No. CIV-05-0021 JH/LFG

ADDUS HEALTH CARE,
MEDICAL DIRECTOR
MR. DOUGLAS (LCCF),
CORRECTION DEPARTMENT,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte*, under 28 U.S.C. §§ 1915(e)(2) and 1448 and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's removed civil rights complaint. Plaintiff is incarcerated and appears pro se. He was granted indigent status in the state court proceeding, and the filing fee has been paid. Plaintiff will be granted leave to proceed under 28 U.S.C. § 1915. For the reasons below, certain of Plaintiff's claims will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se

complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Plaintiff is losing his eyesight as a result of astigmatism, and Defendants refuse to provide corrective surgery. He claims Defendants' actions violate his rights under the Eighth and Fourteenth Amendments, as well as New Mexico tort law. The complaint seeks damages and equitable relief. Defendants Addus Healthcare, Inc., and Williams[1] have not appeared.

No relief is available on Plaintiff's claims against Defendant Williams, the Secretary of Corrections. The complaint contains no allegations against Defendant Williams affirmatively linking him to the asserted violation. *Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). To succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by a defendant in the constitutional violation. *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). A civil rights action against a state official may not be based solely on a theory of respondeat superior liability for the actions of workers supervised by the official. *Id.* Claims against Defendant Williams will be dismissed.

Defendant Addus Healthcare has not appeared. Under 28 U.S.C. §§ 1915(d) and 1448, process will be issued for this Defendant.

IT IS THEREFORE ORDERED that Plaintiff is hereby GRANTED leave to proceed in forma pauperis;

IT IS FURTHER ORDERED that the Clerk is directed to delete Defendant Corrections

---

[1] The caption names "Corrections Department" as the third defendant, although the first section of the complaint states, "The Defendant is Joe R. William [sic] Cabinet Secretary for the Correction Department."

Department from the docket, and add Joe R. Williams as a Defendant on the docket;

IT IS FURTHER ORDERED that Plaintiff's claims against Defendant Williams are DISMISSED with prejudice, and Defendant Williams is DISMISSED as a party to this action;

IT IS FURTHER ORDERED that, under Fed. R. Civ. P. 4(d), the Clerk is directed to issue notice and waiver forms, with a copy of the complaint, for Defendant Addus Healthcare, Inc.

                                                                _____
                                                                UNITED STATES DISTRICT JUDGE